UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRADLEY OHLEMACHER<br>14 Astor Place<br>Rocky River, OH  44116<br><br>               Plaintiff<br><br>  vs.<br><br>VILLAGE OF PUT-IN-BAY<br>435 Catawba Avenue<br>Put-In-Bay, OH  43456<br><br>     and<br><br>TOWNSHIP OF PUT-IN-BAY<br>435 Catawba Avenue<br>Put-In-Bay, OH  43456<br><br>     and<br><br>OFFICER AARON M. CRAWFORD<br>4225 Garden Park Drive<br>Toledo, OH  43613-4010<br><br>     and<br><br>OFFICER AARON M. CRAWFORD<br>Put-In-Bay Police Department<br>c/o Chief Robert D. Lampela<br>431 Catawba Avenue<br>Put-In-Bay, OH  43456<br><br>     and<br><br>OFFICER JEFFREY A. CORWIN<br>907 Pine Street<br>Perrysburg, OH  43551-1634<br><br>     and | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |

| | |
|---|---|
| OFFICER JEFFREY A. CORWIN<br>Put-In-Bay Police Department<br>c/o Chief Robert D. Lampela<br>431 Catawba Avenue<br>Put-In-Bay, OH  43456 | )<br>)<br>)<br>)<br>) |
| and | ) |
| CHIEF ROBERT D. LAMPELA<br>P.O. Box 205<br>Put-In-Bay, OH  43456-0205 | )<br>)<br>) |
| and | ) |
| CHIEF ROBERT D. LAMPELA<br>c/o Put-In-Bay Police Department<br>431 Catawba Avenue<br>Put-In-Bay, OH  43456 | )<br>)<br>)<br>) |
| and | ) |
| OFFICER MICHAEL T. COYNE<br>8115 Whitehaven Drive<br>Parma, OH  44129-5363 | )<br>)<br>) |
| and | ) |
| OFFICER MICHAEL T. COYNE<br>Put-In-Bay Police Department<br>c/o Chief Robert D. Lampela<br>431 Catawba Avenue<br>Put-In-Bay, OH  43456 | )<br>)<br>)<br>)<br>) |
| Defendants | ) |

Now comes Plaintiff, Bradley Ohlemacher (sometimes hereinafter "Ohlemacher"), by and through counsel, and for his Complaint against the above Defendants states and avers as follows.

## **INTRODUCTION**

1. This is a civil rights action stemming from an incident that occurred in Put-In-Bay, Ohio on July 18, 2010, during which Plaintiff, Bradley Ohlemacher, was assaulted, battered, and arrested on the property of his private residence by Put-In-Bay Police officers. As a direct and proximate result of the actions and inactions of the Defendants, Plaintiff suffered physical injuries, and endured physical and emotional pain and suffering. Plaintiff Ohlemacher seeks compensatory damages, punitive damages, and reasonable attorneys' fees and costs incurred in this action.

2. Plaintiff asserts claims under Title 42, § 1983 of the United States Code ("U.S.C.") for violation of his right to be free from unreasonable warrantless entries, searches, seizures, excessive force, unlawful and/or false arrest, and malicious prosecution under the protections of the Fourth and Fourteenth Amendments to the United States Constitution.

3. Plaintiff asserts a § 1983 claim against the Defendant Village of Put-In-Bay and/or Defendant the Township of Put-In-Bay, Ohio for failure to properly train and/or supervise its police officers, and for promulgating customs, policies and/or procedures, which proximately caused the violation of Plaintiff's federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

4. Plaintiff asserts pendant state common law claims for assault, battery, false arrest/imprisonment, and malicious criminal prosecution.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims in this civil action arise under the Constitution and laws of the United States, to wit, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6. Pendant jurisdiction over state law claims asserted herein is invoked.

7. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), (e)(1), and (e)(2).

## **PARTIES**

9. At all times relevant, Plaintiff Bradley Ohlemacher was and is a citizen of the United States of America residing in Westlake and Rocky River, Ohio within the Northern District of Ohio.

10. At all times relevant, Defendant Aaron Crawford ("Crawford") was and is a police officer employed by the Township and/or Village of Put-In-Bay, Ohio acting under the color of state law within the course and scope of his employment.  Defendant Crawford is a "person" under 42 U.S.C. § 1983.  Defendant Crawford is sued herein in his individual and official capacities.

11. At all times relevant, Defendant Jeffrey Corwin ("Corwin") was and is a police officer employed by the Township and/or Village of Put-In-Bay, Ohio acting under the color of state law within the course and scope if his employment.  Defendant Corwin

is a "person" under 42 U.S.C. § 1983. Defendant Corwin is sued herein in his individual and official capacities.

12. At all times relevant, Defendant Michael Coyne ("Coyne) was and is a police officer employed by the Township and/or Village of Put-In-Bay, Ohio acting under the color of state law within the course and scope of his employment. Defendant Coyne is a "person" under 42 U.S.C. § 1983. Defendant Coyne is sued herein in his individual and official capacities.

13. Defendant Township of Put-In-Bay, Ohio ("Township") is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the state of Ohio residing in the Northern District of Ohio and acting under the color of law. Defendant Township is a "person" under 42 U.S.C. § 1983.

14. Defendant Village of Put-In-Bay, Ohio ("Village") is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the state of Ohio residing in the Northern District of Ohio and acting under the color of law. Defendant Village is a "person" under 42 U.S.C. § 1983.

15. Defendant Robert Lampela ("Lampela") is, and was at all times relevant, the Chief of Police for the Township and/or Village. At all times relevant, Defendant Lampela was a policymaker for the Township and/or Village of Put-In-Bay, Ohio charged with the non-delegable duty to adequately and properly train and supervise police officers employed by the Township and/or Village of Put-In-Bay, Ohio. Defendant Lampela is a "person" under 42 U.S.C. § 1983. Defendant Lampela is sued herein in his official capacity.

## **STATEMENT OF FACTS**

16. On July 18, 2010, Plaintiff Ohlemacher was lawfully present at and enjoying the property of his private residential home located in Put-In-Bay, Ohio.

17. Between the hours of approximately 4:25 AM and 5:00 AM, Defendant Crawford, responding to an alleged "Noise Complaint," entered Plaintiff's property, without a warrant and without Plaintiff's permission, by walking around the side of Plaintiff's house to the rear of the private residential property.

18. Defendant Crawford had no probable cause or reasonable suspicion to enter Plaintiff's residential property.

19. Defendant Crawford confronted Plaintiff and began reprimanding him and giving him commands, including to get out of his swimming pool and to sit on a chair beside the pool.

20. Defendant Corwin arrived on the scene after Defendant Crawford.

21. Defendant Corwin entered Plaintiff's residential property by walking around the side of the house without a warrant and without Plaintiff's permission.

22. Defendant Corwin had no probable cause or reasonable suspicion to enter Plaintiff's residential property.

23. In response to Defendant Crawford's commands, Plaintiff exited the pool and sat on a rock beside the pool.

24. Once seated, Defendants Crawford and/or Corwin jumped on and tackled Plaintiff driving his face into the concrete. Defendants Crawford and/or Corwin struck Plaintiff in his back, shoulders, and body several times, dragged him through landscaping adjacent to the swimming pool, and placed Plaintiff in handcuffs.

25. Defendants Crawford and/or Corwin arrested Plaintiff.

26. Defendants Crawford and/or Corwin took Plaintiff into custody and transported him to jail. On the way into the police station, Defendants Crawford and/or Corwin smashed Plaintiff's head into a wall.

27. As a result of his encounter(s) with Defendants Crawford and/or Corwin, Plaintiff suffered physical injuries, including, but not limited to, a laceration over his right eye, a concussion, abrasions to his arms and body, and contusions and bruising to his arms, shoulders, and body.

28. Plaintiff was detained in jail for several hours before being released.

29. Defendant Crawford completed and signed a "Complaint Report" charging Plaintiff with: 1) Criminal Mischief in violation of Ohio Revised Code ("ORC") § 2909.07(A)(1); 2) Disorderly Conduct in violation of ORC § 2917.11(A)(2); 3) Disorderly Conduct (Intoxication) in violation of ORC § 2917.11(B)(2); and 4) Resisting Arrest in violation of ORC § 2921.33(B).

30. Soon after his release during the morning hours of July 18, 2010, Defendants Crawford and Coyne returned to Plaintiff's private residence.

31. Defendants Crawford and Coyne entered Plaintiff's home without a warrant, without permission, and without probable cause or reasonable suspicion.

32. Ohlemacher was forced to retain and pay for the services of a criminal defense attorney to defend himself against the charges levied and/or criminal proceedings instigated by Defendants Crawford and/or Corwin.

33. On or about January 20, 2011, the charges for Resisting Arrest, Criminal Mischief, and Disorderly Conduct (Intoxication) against Plaintiff were dismissed.

34. On or about April 8, 2011, Plaintiff was acquitted and found not guilty of the remaining lesser charge of Disorderly Conduct against him stemming from the July 18, 2010 incident and the criminal proceedings against him finally concluded in his favor.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Against Defendants Crawford and Corwin for Excessive Force in Violation of the Fourth Amendment)

35. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

36. At the aforementioned times and places, Defendants Crawford and Corwin, acting under color of law and within the course and scope of their employment as police officers with Defendants the Township and/or Village of Put-In-Bay, Ohio, used unnecessary, unreasonable, outrageous, and excessive force on Ohlemacher in violation of his rights guaranteed by the Fourth Amendment.

37. Defendants Crawford and Corwin's use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

38. Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Ohlemacher's clearly established Fourth Amendment rights to be free from unreasonable and excessive uses of force and seizures.

39. As a direct and proximate result of Defendants Crawford and Corwin's uses of force in violation of Ohlemacher's Fourth Amendment rights, Ohlemacher

sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Crawford and Corwin, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief which the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Crawford and Corwin for Unlawful/Unreasonable Entry/Search in Violation of the Fourth Amendment)**

40. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

41. At the aforementioned times and place, Defendants Crawford and Corwin, acting under color of law and within the course and scope of their employment as police officers with Defendants the Township and/or Village of Put-In-Bay, Ohio, entered Plaintiff's residential property without a warrant, without permission, and without probable cause or reasonable suspicion in violation of Ohlemacher's clearly established rights guaranteed by the Fourth Amendment.

42. Defendants Crawford and Corwin's unlawful and unreasonable entries constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

43. Faced with the circumstances present at the aforementioned times and place, reasonably prudent law enforcement officers/personnel would or should have known that the entries described herein violated Ohlemacher's clearly established Fourth Amendment rights to be free from unreasonable and unlawful entries, searches, and seizures.

44. As a direct and proximate result of Defendants Crawford and Corwin's entries in violation of Ohlemacher's Fourth Amendment rights, Ohlemacher sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering, which will continue into the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Crawford and Corwin, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

    b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d. All such other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Crawford and Corwin for False/Wrongful Arrest/Imprisonment in Violation of the Fourth and Fourteenth Amendments)**

45. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

46. Defendants Crawford and/or Corwin lacked probable cause for their warrantless arrest of Ohlemacher on July 18, 2010.

47. Ohlemacher was detained and held by Defendants Crawford and Corwin against his will and without lawful justification on July 18, 2010, through the time he was released after his arrest.

48. Defendants Crawford and Corwin, acting under color of state law, and within the course and scope of their employment as police officers with Defendants the Township and/or Village of Put-In-Bay, Ohio, detained, arrested, and held Ohlemacher against his will without probable cause or lawful justification in violation of Ohlemacher's clearly established rights guaranteed under the Fourth Amendment.

49. In arresting, detaining, or otherwise holding Ohlemacher against his will under the circumstances at issue, Defendants Crawford and Corwin acted wantonly, willfully, recklessly, without justification, and maliciously, warranting the imposition of exemplary punitive damages.

50. Faced with the circumstances present on July 18, 2010, reasonably prudent law enforcement officers/personnel would or should have known that arresting, detaining and/or holding Ohlemacher against his will violated Ohlemacher's clearly established Fourth and Fourteenth Amendment rights.

51. As a direct and proximate result of his unlawful/wrongful/false arrest, Ohlemacher sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering, which will continue into the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Crawford and Corwin, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

    b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d.    All such other relief which the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Crawford and Lampela for Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments)**

52. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

53. Acting under color of law and within the course and scope of his employment as a police officer with the Defendant Township and/or Village of Put-In-Bay, Ohio, Defendant Crawford instituted criminal prosecution, charges and/or proceedings against Plaintiff maliciously in violation of Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments.

54. Acting under color of law and in his capacity as the Chief of Police of the Township and/or Village of Put-In-Bay, Ohio, Defendant Lampela instituted and/or authorized and/or approved of and/or supervised the criminal prosecution, charges and/or proceedings against Plaintiff maliciously in violation of Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments.

55. Defendants Crawford and Lampela had no probable cause for instituting the criminal prosecution, charges and/or proceedings against Ohlemacher, or for otherwise charging Ohlemacher with the offenses described in paragraph 29.

56. The criminal prosecution and/or criminal proceedings against Ohlemacher terminated in favor of Ohlemacher.

57. In instituting criminal prosecution, charges and/or proceedings against Ohlemacher, Defendants Crawford and Lampela acted willfully, wantonly, recklessly, without justification, and maliciously warranting the imposition of exemplary punitive damages.

58. Faced with the circumstances present on July 18, 2010, reasonably prudent law enforcement officers/personnel would or should have known that instituting the criminal prosecution, charges and/or proceedings against Ohlemacher violated Ohlemacher's clearly established Fourth and Fourteenth Amendment rights.

59. As a direct and proximate result of Defendants Crawford and Lampela's malicious prosecution, Plaintiff incurred attorneys' fees and other economic and non-economic damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Crawford and Lampela, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

    b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d. All such other relief which the Court deems appropriate.

**FIFTH CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants Township and Village**
**of Put-In-Bay, Ohio and Lampela for Customs and Policies**
**Causing Constitutional Violations)**

60. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

61. On information and belief, Defendants Crawford and/or Corwin, and several other Put-In-Bay police officers, have a history of violating citizens' constitutional rights, using excessive force, making warrantless searches, entries, and arrests without probable cause, and arresting and charging citizens with criminal offenses that are not supported by probable cause, about which Defendants Lampela and the Township and/or Village of Put-In-Bay, Ohio are, and were at all times relevant, aware.

62. On information and belief, Defendants Lampela and the Township and Village of Put-In-Bay, Ohio failed to adequately and properly supervise Defendants Crawford and/or Corwin.

63. Defendants Lampela and the Township and Village of Put-In-Bay, Ohio ratified Defendants Crawford and/or Corwin's conduct described herein.

64. On information and belief, Defendants Lampela and the Township and Village of Put-In-Bay, Ohio implemented customs and policies for training and supervision of Put-In-Bay police officers on the use of force, warrantless, entries, searches, seizures, lawful arrests, and criminal prosecution/pursuing criminal charges supported by probable cause that, on their face, violate the Fourth and Fourteenth Amendment. Alternatively, on information and belief, Defendants Lampela and the Township and Village of Put-In-Bay, Ohio implemented otherwise facially valid customs and policies in such a manner that constitutional violations were likely to be and were visited upon those inhabiting or visiting Put-In-Bay, Ohio, including Ohlemacher.

65. As a direct and proximate result of Defendants Lampela and the Township and Village of Put-In-Bay, Ohio's customs and policies described herein, which violate the Fourth and Fourteenth Amendment on their face, or otherwise are applied in such a

manner such that Fourth and Fourteenth Amendment violations are likely to and do occur, Ohlemacher sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Lampela and the Township and Village of Put-In-Bay, Ohio, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

    b.    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    c.    All such other relief which the Court deems appropriate.

### SIXTH CLAIM FOR RELIEF
**(Common Law False Arrest/Imprisonment Against Defendants Crawford, Corwin, and the Township and Village of Put-In-Bay, Ohio)**

66. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

67. Defendants Crawford and Corwin, acting within the course and scope of their employment with the Defendant Township and/or Village of Put-In-Bay, Ohio, intentionally confined and detained Ohlemacher within a limited area on July 18, 2010, and caused him to be confined for several hours, against Ohlemacher's will and without probable cause and/or lawful justification.

68. Defendants Crawford and Corwin acted with malicious purpose, in bad faith, or in a reckless or wanton manner.

69. At all times relevant, Defendants Crawford and Corwin were acting within the course and scope of their employment with Defendant the Township and/or Village

15

of Put-In-Bay, Ohio, rendering Defendants the Township and/or Village of Put-In-Bay, Ohio vicariously liable for their conduct.

70. As a direct and proximate result of his false arrest/imprisonment, Ohlemacher sustained economic and non-economic damages, including, but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Crawford, Corwin and the Township and Village of Put-In-Bay, Ohio, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

    b.    Punitive damages against Defendants Crawford and/or Corwin in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.    Costs of suit and reasonable attorneys' fees; and

    d.    All such other relief which the Court deems appropriate.

**SEVENTH CLAIM FOR RELIEF**
**(Common Law Malicious Prosecution Against Defendants Crawford, Lampela, and the Township and Village of Put-In-Bay, Ohio)**

71. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

72. Acting within the course and scope of their employment as a police officer and police chief with the Township and/or Village of Put-In-Bay, Ohio, respectively, Defendants Crawford and Lampela instituted criminal prosecution, charges and/or proceedings against Ohlemacher.

73. Defendants Crawford and Lampela had no probable cause for instituting the criminal prosecution, charges and/or proceedings against Ohlemacher or for otherwise charging Ohlemacher with the offenses described in paragraph 29.

74. The prosecution and/or criminal proceedings against Ohlemacher terminated in favor of Ohlemacher.

75. Defendants Crawford and Lampela acted with malicious purpose, in bad faith, or in a reckless or wanton manner.

76. At all times relevant, Defendants Crawford and Lampela were acting within the course and scope of their employment with Defendant the Township and/or Village of Put-In-Bay, Ohio, rendering Defendant the Township and/or Village of Put-In-Bay, Ohio vicariously liable for their conduct.

77. As a direct and proximate result of Defendant Crawford and Lampela's malicious prosecution, Plaintiff incurred attorneys' fees, and other economic and non-economic damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Crawford, Lampela, and the Township and Village of Put-In-Bay, Ohio, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

    b. Punitive damages against Defendants Crawford and Lampela in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c. Costs of suit and reasonable attorneys' fees; and

    d. All such other relief which the Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF
### (Common Law Assault and Battery Against Defendants Crawford, Corwin, and the Township and Village of Put-In-Bay, Ohio)

78. Plaintiff incorporates paragraphs 5 through 34 as if fully rewritten herein.

79. On July 18, 2010, Defendants Crawford and Corwin threatened bodily harm against Ohlemacher which caused him to be in fear of imminent peril and death.

80. On July 18, 2010, Defendants Crawford and Corwin had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Ohlemacher.

81. At all times relevant Defendants Crawford and Corwin were acting within the course and scope of their employment with Defendant the Township and/or Village of Put-In-Bay, Ohio, rendering Defendant the Township and/or Village of Put-In-Bay, Ohio vicariously liable for their conduct.

82. Defendants Crawford and Corwin assaulted and battered Ohlemacher with malicious purpose, in bad faith, or in a reckless or wanton manner.

83. As a direct and proximate result of being assaulted and battered by Defendants Crawford and Corwin, Ohlemacher sustained economic and non-economic damages, physical injuries, and physical and emotional pain and suffering.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Crawford, Corwin and the Township and Village of Put-In-Bay, Ohio, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for his injury, damage, and loss;

    b. Punitive damages against Defendants Crawford and/or Corwin in an amount that will serve to adequately punish and deter the conduct alleged herein;

      c.      Costs of suit and reasonable attorneys' fees; and

      d.      All such other relief which the Court deems appropriate.

*A TRIAL BY JURY IS HEREBY REQUESTED.*

                s/ Nicholas A. DiCello
                DENNIS R. LANSDOWNE (0026036)
                NICHOLAS A. DICELLO (0075745)
                **SPANGENBERG SHIBLEY & LIBER LLP**
                1001 Lakeside Avenue, Suite 1700
                Cleveland, OH 44114
                (216) 696-3232
                (216) 696-3924 (FAX)
                *dlansdowne@spanglaw.com*
                *ndicello@spanglaw.com*

                ***Counsel for Plaintiff***